IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | NO. 3:10-CV-2532-P |
| | § | NO. 3:05-CR-0240-P(17) |
| SHERMAN TED SOLOMON | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Sherman Ted Solomon, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is denied.

I.

A federal grand jury in the Northern District of Texas charged defendant in a superseding indictment with conspiracy to distribute Schedule III and IV controlled substances, distribution and possession with intent to distribute those substances, conspiracy to launder money, and engaging in a continuing criminal enterprise. Defendant pled guilty pursuant to a plea agreement and factual resume to conspiracy to distribute Schedule III and IV controlled substances and conspiracy to commit money laundering. The court varied downward from the advisory Sentencing Guideline range and assessed punishment at 60 months confinement on each count, to be served concurrently, followed by a two-year term of supervised release. The district court also imposed a $200 mandatory special assessment and ordered defendant to forfeit over $13,000,000 in real and personal property as proceeds of the conspiracy. No appeal was taken. Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

-1-

II.

In three grounds for relief, defendant contends that his guilty plea was unknowing and involuntary, he received ineffective assistance of counsel, and he was denied the right to appeal.

A.

Defendant alleges that he did not understand the consequences of his guilty plea due to his counsel's failure to fully investigate the case, his mistaken belief that his attorney would "present all available evidence in mitigation at sentencing[,]" and his ignorance that the waiver of appeal meant that "he forfeited the opportunity to later challenge then unknown Constitutional deficiencies in the sentencing process." (*See* Def. Hab. Br. at 13-14). A guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980) (citing cases). "One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *citing Reed v. United States*, 354 F.2d 227, 229 (5th Cir. 1965). An attorney discharges this duty by informing the defendant of the relevant circumstances and the likely consequences of a plea. *Id.*, *citing Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the requirements of Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *See id.* at 627.

B.

The record establishes that the court properly admonished defendant in accordance with Rule 11. Before accepting his guilty plea, the judge had the prosecutor summarize the essential elements of the offense, and informed defendant of the range of punishment and the constitutional rights he was waiving by entering a guilty plea. (*See* Rearrign. Tr. at 5-6, 12-14). Specifically, defendant was told that the maximum penalty for conspiracy to possess with intent to distribute and distribute a controlled substance, as alleged in Count 1 of the Indictment, is not more than 5 years imprisonment, a fine not to exceed $250,000, and a mandatory term of supervised release of at least two, but less than three, years. (*Id.* at 5). He was also informed that the maximum penalty for conspiracy to commit money laundering, as alleged in Count 3 of the Indictment, is not more than 20 years imprisonment, a fine not to exceed $500,000, and a term of supervised release of between two and three years. (*Id.*) Defendant testified that he understood the range of punishment and his constitutional rights. (*Id.* at 11, 13-14). Defendant was also informed of the consequences of the agreed sentence of less than 84 months under Rule 11(c)(1)(C). (*Id.* at 12). The judge also reviewed the terms of the plea agreement with defendant, including the waiver of his right to appeal:

> THE COURT: You heard me ask Mr. Hart on page 8 Paragraph 12 of the plea agreement there is a waiver of the right of appeal provision. And as part of your plea agreement with the Government you are agreeing to waive your right of appeal to a large extent. You are limiting your right of appeal to the four grounds that are explained there in the paragraph. And do you understand that this is part of your agreement with the Government?
>
> THE DEFENDANT: Yes, sir.

(*Id.* at 10). Before accepting defendant's guilty plea, the judge inquired whether anyone had made any threat, coercion, promise or assurance to defendant in an effort to obtain his plea of guilty. (*Id.*

at 14). Defendant responded, "No, sir." (*Id.*). Defendant also assured the court that he was pleading guilty freely and voluntarily, of his own free will. (*Id.*) This sworn testimony carries a strong presumption of veracity in a subsequent habeas proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). Based on these assurances from defendant, the court found the defendant was competent, capable of entering an informed plea, that his plea was freely, voluntarily, and knowingly made. (*See* Rearr. Tr. at 14-15). Therefore, the court accepted the guilty plea and found defendant guilty of Counts 1 and 3 of the superseding indictment. (*Id.*).

In a thinly-veiled attempt to avoid the clear language of the plea agreement and his prior testimony, defendant belatedly protests that his plea was involuntary because he did not foresee that his lawyer would fail to marshal sufficient arguments in mitigation at sentencing. However, the record clearly indicates that his plea was knowing and voluntary: defendant's colloquy with the court expressly contradicts the existence of any promises or agreements that compelled his guilty plea. At best, then, defendant had a unilateral, subjective, belief that his counsel would provide particular evidence and argument at sentencing. However, such a belief does not render his guilty plea involuntary. Thus, defendant is not entitled to habeas relief on this claim.

C.

Defendant claims that he was denied effective assistance of counsel at sentencing because his attorney failed to submit sufficient mitigating evidence. He states that his lawyer should have argued that defendant was "the least culpable person of anyone, anywhere, at any time[,]" (*see* Def. Hab. Br. at 25), noted the disparity in sentences between defendant and his co-conspirators, (*id.* at 26), claim that his prosecution was vindictive (*see* Hab. Pet. at 5(b)), and urge that defendant did not knowingly violate the law. (*See* Def. Hab. Br. at 26-33).

In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064-65. Second, the defendant must establish prejudice--that he was subjected to increased jail time due to the deficient performance of his attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). The two prongs of the *Strickland* test need not be analyzed in any particular order. *See United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). If a defendant fails to satisfy either prong, his claim of ineffective assistance of counsel must fail. *Id.*

The record reflects that counsel's conduct was not deficient. The factual resume voluntarily admitted by defendant provides sufficient evidence that defendant was a leader and creator of this multifaceted and complex criminal enterprise. Instead of submitting argument that was clearly belied by the factual resume and Presentence Investigation Report, defense counsel concentrated on defendant's repentance, his age and family obligations, community service, and the disparity in sentences between defendant and his co-conspirators. This strategic choice was successful: the court varied downward by four levels and sentenced defendant to 60 months imprisonment -- a far lesser sentence than the Guideline range of 78 to 97 months and the government's recommendation of 84 months imprisonment. Defendant has failed to show that his lawyer was deficient for concentrating on the factors set forth in 18 U.S.C. § 3553(a) rather than the arguments that defendant now claims should have been urged.

Defendant has also failed to establish prejudice. He has not shown that his counsel's failure to marshal additional evidence in mitigation or argue lack of culpability led to increased jail time. To the contrary, defense counsel ably assisted defendant and successfully obtained a four-level downward variance. The additional arguments that defendant suggests would not have resulted in a lesser sentence. Accordingly, this ground for relief is overruled.

D.

Finally, defendant alleges that his counsel was ineffective for failing to object to the court's sentence on reasonableness grounds and inform him of his appellate options. Having found that defendant knowingly and voluntarily waived his right to appeal, the court has little difficulty in concluding that counsel was not ineffective in connection with a direct appeal. The Supreme Court has held that the failure of an attorney to file a notice of appeal when requested to do so is *per se* ineffective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). However, defendant does not allege that he requested that his lawyer file a notice of appeal. Instead, he urges that he "made known his dissatisfaction but was not counseled as to his appeal alternatives." Here, defendant knowingly and voluntarily waived most of his appellate rights. (*See* Rearr. Tr. at 10). At sentencing, the court explained,

> [W]hen you entered your plea of guilty, as part of your plea agreement with the Government, you waived your right of appeal to a large extent. To the extent that you have a right of appeal that applies that you wish to exercise, you can speak with Mr. Hart about doing that.

(*See* Sent'g Tr. at 23). There is no evidence that defendant expressed a desire to appeal and that counsel refused to file a notice of appeal. Defendant has also raised no meritorious grounds for direct appeal that survive his appellate waiver. Accordingly, he was not denied the right to appeal

or counseled improperly.

## III.

For the foregoing reasons, the motion to correct, vacate, or set aside defendant's sentence filed pursuant to 28 U.S.C. § 2255 is denied.

## III.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. Defendant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1] In the event the defendant will file a notice of appeal, the court notes that the defendant will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

SO ORDERED this 5th day of July, 2011.

                                                    JORGE A. SOLIS
                                                    UNITED STATES DISTRICT JUDGE